SECURA INSURANCE COMPANY v PIONEER STATE MUTUAL
INSURANCE COMPANY

Docket No. 115628. Submitted November 14, 1990, at Lansing. De-
cided April 2, 1991, at 9:45 A.M. Leave to appeal sought.

Secura Insurance Company, for itself and as subrogee of Randal
Birchmeier and Dayna Harper, brought an action in the Sagi-
naw Circuit Court against Pioneer State Mutual Insurance
Company and Sue Morse, seeking a pro rata contribution from
Pioneer for monies Secura paid to Birchmeier and Harper for
fire loss to a house they were purchasing from Morse and her
husband. Secura had issued an insurance policy to Birchmeier
by the time of the closing, and the Morses were permitted
occupancy for up to thirty days after the closing. Pioneer State,
the Morses' home insurer, was notified of the sale after the fire
and terminated its coverage as of the date of the closing. The
court, Leopold P. Borrello, J., granted summary disposition for
Secura on its claim against Pioneer State. Pioneer appealed.

The Court of Appeals *held:*

The trial court erred in granting summary disposition for
Secura because the Morses lacked an insurable interest in the
house after the closing.

1. Whether a person has an insurable interest in property is
determined by whether the person will suffer a direct pecuni-
ary loss as a result of the destruction of the property. Assuming
that the Morses had a leasehold in the house after the closing,
they suffered no direct pecuniary loss because of the destruc-
tion of the building.

2. The Morses also suffered no direct pecuniary loss on the
basis of their obligations under the purchase agreement. Secura
failed to prove that the Morses were bound by the purchase
agreement to surrender the house after occupancy in the same
condition as existed at closing.

Reversed.

*Nill, Kirby & Rockwell, P.C* (by *Dan C. Keene*),
for the plaintiff.

*Morrissey, Bove & Ebbott* (by *Richard H. Eb-
bott*), for the defendant.

Before: CAVANAGH, P.J., and JANSEN and T. J. LESINSKI,* JJ.

PER CURIAM. Defendant Pioneer State Mutual Insurance Company appeals as of right from a judgment of summary disposition entered in favor of plaintiff. We reverse.

On February 22, 1987, Randal Birchmeier entered into an agreement with Dennis and Sue Morse to purchase their home, insured under a policy issued by defendant. By the time the closing occurred on May 15, 1987, Randal Birchmeier had purchased a policy of insurance of his own from the plaintiff. The purchase agreement provided that the Morses' occupancy could continue for thirty days after closing, and the Morses occupied the house until it was damaged by fire on May 20, 1987. On June 24, 1987, the Morses notified their insurance agent that they had sold the house and defendant terminated the insurance coverage as of the closing date. Plaintiff paid for the entire amount of the fire loss and filed this lawsuit to force a pro rata contribution from defendant.

In this appeal, defendant claims that its obligation under the insurance policy ended before the fire loss because the Morses no longer had an insurable interest after they sold their home. Plaintiff, on the other hand, argues that the Morses had an insurable interest either as tenants or as parties to the purchase agreement. As tenants, the Morses suffered a pecuniary loss because their leasehold was terminated, and, as parties to the purchase agreement, they suffered a pecuniary loss because they agreed to surrender possession of the dwelling in the same condition as at closing. Consequently, plaintiff argues, under either theory

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

the Morses had an insurable interest in the property.

The requirement of an insurable interest in the subject property is a matter of public policy. *Crossman v American Ins Co of Newark,* 198 Mich 304, 308; 164 NW 428 (1917). Insurance policies founded upon mere hope and expectation, and without some interest in the property, are objectionable as a species of gambling. *Id.* Consequently, the public policy of this state precludes recovery on an insurance contract unless the claimant has an insurable interest in the subject matter of the policy at the time of the loss. *First State Savings Bank of Croswell v National Fire Ins Co of Hartford,* 244 Mich 668, 670-671; 222 NW 116 (1928). Whether an individual has an insurable interest is not determined by the label attached to the insured's property right, but rather by whether the individual will suffer a direct pecuniary loss as a result of the destruction of the property. *Crossman, supra,* 311.

The parties in this case are not disputing that, as vendors, the Morses' insurable interest in their property ended on the date of closing. What they are disputing is the existence of an insurable interest based either on a leasehold or on a contract. In our view, with respect to the leasehold theory, defendant's insured will not suffer a direct pecuniary loss because of the destruction of the dwelling. If alternative housing is not found or, if found, proves to be more expensive, then it would appear to us that defendant's insured has a cause of action for breach of contract against their landlord. Consequently, no direct pecuniary loss would be suffered by the Morses as tenants.

With regard to the contract theory, plaintiff has not shown the Court any provision in the purchase agreement which imposes on the Morses the duty

to surrender possession of the dwelling in the same condition as at closing. Nor does plaintiff cite one case for this proposition. Consequently, no direct pecuniary loss would be suffered by the Morses as parties to the purchase agreement.

In this case, plaintiff has failed to present any proof from which it could be reasonably inferred that the Morses would be subject to a direct pecuniary loss from the destruction of the property. Because the Morses had no insurable interest in the dwelling after the date of closing, the trial court erred in granting summary disposition in favor of plaintiff.

Reversed.