FRANK v WILLIAM A KIBBE & ASSOCIATES, INC

Docket No. 145045. Submitted May 10, 1994, at Detroit. Decided
January 17, 1995, at 9:35 A.M.

Dale C. and Theresa Frank brought an action in the Wayne
Circuit Court against William A. Kibbe & Associates, Inc., and
MSI Construction Managers, Inc., seeking damages as the
result of injuries suffered by Dale Frank in an accident at a
construction site. A mediation evaluation was returned in favor
of the plaintiffs in an aggregate sum of $1,469,500. The evalua-
tion against defendant Kibbe was $60,000. Kibbe accepted the
evaluation, but the plaintiffs rejected it. After a trial, the jury
rendered an aggregate verdict of $1,496,900 in favor of the
plaintiffs, but returned a verdict of no cause of action with
respect to Kibbe. The plaintiffs moved for entry of an order of
judgment that included no costs against them on the basis that
the aggregate verdict exceeded the aggregate mediation evalua-
tion. Kibbe moved for taxation of costs and attorney fees,
arguing that it was entitled to actual costs pursuant to MCR
2.403(O)(1). The court, J. Phillip Jourdan, J., reduced the future
damages of the verdict to their present cash value, added
interest on the entire adjusted verdict through the date of
entry of the judgment, and then awarded mediation sanctions
to Kibbe on the basis that the aggregate verdict after those
adjustments was less than the aggregate mediation evaluation.
The plaintiffs appealed.

The Court of Appeals *held:*

1. The trial court erred in reducing the future damages to
their present cash value for the purpose of determining
whether mediation sanctions should be imposed. MCR 2.403(O)
speaks in terms of the jury verdict rather than the order of
judgment. Accordingly, while future damages are to be reduced
to their present value for the purpose of the entry of an order
of judgment, that reduction should not be made for the purpose
of determining mediation sanctions.

2. The term "assessable costs and interest" in MCR 2.403(O)

REFERENCES

Am Jur 2d, Costs §§ 14, 20, 24; Interest and Usury §§ 96, 97.
See ALR Index under Interest on Money; Sanctions.

(3) means interest that properly can be assessed under MCL 600.6013; MSA 27A.6013. Because § 6013 provides that interest may not be assessed on the portion of the verdict that represents future damages, the trial court erred in assessing interest on the full amount of the award.

3. Although § 6013 permits interest to be assessed to the date of the entry of the judgment, MCR 2.403 limits the period during which interest may be assessed for the purpose of determining mediation sanctions to the period between the filing of the complaint and the date of the mediation evaluation. The court rules control with respect to the determination of mediation sanctions; accordingly, the trial court erred in calculating interest for the entire period from the filing of the complaint to the entry of the order of judgment for the purpose of determining whether to order mediation sanctions.

4. The term "more favorable" as used to describe verdicts for the purpose of MCR 2.403(O)(4) has the same meaning as that term is given in MCR 2.403(O)(3), that a verdict is more favorable for a plaintiff than a mediation evaluation only if the verdict exceeds the mediation evaluation by more than ten percent.

5. Although the trial court erred both in improperly reducing the future damages to their present cash value and in calculating interest on the full amount of the award for the entire period between the filing of the complaint and the entry of the order of judgment, the court did not err in awarding mediation sanctions to defendant Kibbe, because the aggregate verdict when properly adjusted in accordance with the provisions of the court rule and statute is less than ten percent greater than the aggregate mediation evaluation and, thus, cannot be considered to be more favorable to the plaintiffs.

Affirmed.

1. Costs — Mediation Sanctions — Future Damages.

Future damages in a jury verdict should not be reduced to their present value for the purpose of determining whether mediation sanctions should be awarded; while future damages should be so reduced for the purpose of entry of an order of judgment, the court rule governing mediation sanctions refers to a comparison of the verdict, not the order of judgment, with the mediation evaluation (MCR 2.403[O]).

2. Costs — Mediation Sanctions — Interest — Future Damages.

Assessable costs and interest as used in the court rule relating to the determination of mediation sanctions means the interest that properly can be assessed pursuant to the statute governing

interest on a judgment and, thus, may not be assessed on that portion of the verdict that represents future damages; however, the period for which the interest may be calculated is that permitted by the court rule rather than that permitted by the statute; thus, interest may be calculated for the period from the filing of the complaint to the date of the mediation evaluation (MCR 2.403[O][3]; MCL 600.6013; MSA 27A.6013).

3. COSTS — MEDIATION SANCTIONS — AGGREGATE VERDICTS — MORE FAVORABLE VERDICTS.

An aggregate verdict for the purpose of the court rule dealing with the granting of mediation sanctions is more favorable than an aggregate mediation evaluation only if the verdict exceeds the mediation evaluation by more than ten percent (MCR 2.403[O][4]).

*Miller, Cohen, Martins & Ice, P.C. (Bendure & Thomas,* by *Mark R. Bendure* and *Sidney A. Klingler,* of Counsel), for the plaintiffs.

*Sullivan, Ward, Bone, Tyler & Asher, P.C.* (by *Michelle A. Thomas* and *Thomas M. Slavin*), for William A. Kibbe & Associates, Inc.

Before: MARILYN KELLY, P.J., and SHEPHERD and L. P. BORRELLO,* JJ.

MARILYN KELLY, P.J. Plaintiffs, Dale and Theresa Frank, appeal as of right from the portion of an order of judgment holding them liable to defendant William A. Kibbe & Associates, Inc. for mediation sanctions pursuant to MCR 2.403. The Franks raise several issues concerning the correct assessment of mediation sanctions. We affirm.

I

Dale Frank was injured in a construction site accident and sought damages. His wife, Theresa, made a derivative claim. A mediation evaluation

---

* Circuit judge, sitting on the Court of Appeals by assignment.

awarded the Franks an aggregate sum of $1,469,500. The evaluation against defendant Kibbe was $60,000. Kibbe accepted the evaluation while the Franks rejected it. After trial, the jury rendered an aggregate verdict of $1,496,900 in favor of the Franks. With respect to Kibbe, the jury returned a verdict of no cause of action.

The Franks filed a motion for entry of an order of judgment containing no costs against them, on the basis that the aggregate verdict exceeded the aggregate mediation evaluation. Kibbe filed a motion for taxation of costs and attorney fees, arguing that it was entitled to actual costs pursuant to MCR 2.403(0)(1).

The trial judge reduced the value of the future damages portion of the verdict to its present cash value. He also added interest on the entire adjusted verdict through the date of entry of judgment. After making the adjustments, the judge concluded that the aggregate verdict for the Franks was $1,186,250.50. He compared the aggregate verdict to the mediation evaluation to determine if sanctions should be applied. Since it was below the aggregate mediation award, he awarded mediation sanctions to Kibbe in the amount of $63,911.74.

II

A

On appeal, the Franks argue that the judge erred in reducing the future damages portion of the verdict to its present value when determining which party was entitled to mediation sanctions. They contend that, solely because of this error, the verdict fell below the aggregate mediation award. The Franks insist that, had the future damages portion of the award not been reduced, they would

have been relieved of any obligation to pay mediation sanctions pursuant to MCR 2.403(O)(4).

Kibbe counters, first, that the trial court did not err in reducing the future damages portion of the award to present value. It also contests the method by which the court calculated assessable interest and costs.

The court calculated interest and costs on the full amount of the adjusted award from the date of the claim until the date of entry of its order. Kibbe argues that interest may be calculated only from the filing of the complaint until the date of the mediation evaluation. It further argues that interest may be calculated only on the portion of the award which represents present damages. Finally, Kibbe argues that, even if the judge had not reduced the jury verdict, the aggregate verdict would not have been "more favorable" to the Franks. It did not exceed the mediation evaluation by more than ten percent, relying on the definition of "more favorable" found in MCR 2.403(O)(3). Consequently, Kibbe concludes that the trial court correctly awarded it mediation sanctions pursuant to MCR 2.403(O)(3) and MCR 2.403(O)(4).

B

The rules of statutory construction apply to court rules. *Michigan Basic Property Ins Ass'n v Hackert Furniture Distributing Co,* 194 Mich App 230, 234; 486 NW2d 68 (1992). When two statutes or provisions conflict, and one is specific to the subject matter while the other is only generally applicable, the specific statute prevails. *Gebhardt v O'Rourke,* 444 Mich 535, 542-543; 510 NW2d 900 (1994). In construing a statute, the court should presume that every word has meaning and avoid a construction which would render a statute, or any

part of it, surplusage or nugatory. *Altman v Meridian Twp*, 439 Mich 623, 635; 487 NW2d 155 (1992). In interpreting statutes, we engage in de novo review.

To resolve this dispute, we are required to interpret MCR 2.403(O) and to read it in conjunction with MCL 600.6013; MSA 27A.6013 and MCL 600.6306; MSA 27A.6306. The former controls the calculation of interest on judgments and the latter determines the value of future damages. MCR 2.403(O)(3) provides:

> For the purpose of subrule (O)(1), a verdict must be adjusted by adding to it assessable costs and interest on the amount of the verdict from the filing of the complaint to the date of the mediation evaluation. After this adjustment, the verdict is considered more favorable to a defendant if it is more than 10 percent below the evaluation, and is considered more favorable to the plaintiff if it is more than 10 percent above the evaluation. If the evaluation was zero, a verdict finding that a defendant is not liable to the plaintiff shall be deemed more favorable to the defendant.

MCR 2.403(O)(4) provides:

> In cases involving multiple parties, the following rules apply:
> (a) Except as provided in subrule (O)(4)(b), in determining whether the verdict is more favorable to a party than the mediation evaluation, the court shall consider only the amount of the evaluation and verdict as to the particular pair of parties, rather than the aggregate evaluation or verdict as to all parties. However, costs may not be imposed on a plaintiff who obtains an aggregate verdict more favorable to the plaintiff than the aggregate evaluation.

MCL 600.6306; MSA 27A.6306, the general stat-

ute on the calculation of interest, requires that an order of judgment entered following a verdict adjust future damages to their gross present cash value. In contrast, MCR 2.403(O), the specific court rule dealing with the award of mediation sanctions, speaks only of the verdict not the order of judgment. "Verdict" is defined in MCR 2.403(O)(2) to include: 1) a jury verdict, 2) a judgment by the court after a nonjury trial and 3) a judgment entered as a result of a ruling on a motion filed after mediation.

Here, based on the definition of verdict set out in MCR 2.403(O), the court erred in reducing future damages to present cash value before determining if mediation sanctions were appropriate. The judge should have considered the amount of the jury verdict, adjusted only as permitted by MCR 2.403(O)(3), when determining if sanctions were required.

C

Whether interest should be calculated on the full amount of the verdict in determining whether a verdict is more favorable to either party is a matter of first impression. The calculation of interest is governed by MCL 600.6013; MSA 27A.6013 which provides:

> (1) Interest shall be allowed on a money judgment recovered in a civil action, as provided in this section. However, for complaints filed on or after October 1, 1986, interest shall not be allowed on future damages from the date of filing the complaint to the date of entry of the judgment.
> . . .

Consequently, the term "assessable costs and interest" in MCR 2.403(O)(3), when read in con-

junction with MCL 600.6013; MSA 27A.6013 means interest which properly can be assessed under MCL 600.6013; MSA 27A.6013. Since interest may not be assessed on the portion of the verdict which represents future damages, the trial court erred in assessing interest on the full amount of the award.

MCR 2.403 also limits the period during which interest may be assessed to the time between the filing of the complaint and the date of the mediation evaluation. Although MCL 600.6013; MSA 27A.6013 permits interest to be assessed to the date of entry of judgment, we believe that the specific requirement set forth in the court rule controls. *Gebhardt,* pp 542-543. Thus, the trial judge erred in calculating interest for the entire period from filing of the complaint until entry of the order of judgment.

Here, interest should have been calculated only for the period between the filing of the claim and the date of the mediation award. In addition it should have been calculated only on the portion of the verdict which represented present damages.

III

The Franks also contend that, since the aggregate verdict absolutely exceeded the aggregate mediation award, the plain language of MCR 2.403(O)(4) mandates they not be required to pay mediation sanctions. Alternatively, they argue that, when the interest and costs permitted by MCR 2.403(O)(3) are included in the award, the verdict exceeds the ten percent requirement established in MCR 2.403(O)(3).

In response, Kibbe argues that the Franks erroneously interpret MCR 2.403(O)(4). It contends that the definition of "more favorable" used in

MCR 2.403(O)(4) is found in MCR 2.403(O)(3). According to MCR 2.403(O)(3), in order for a verdict to be more favorable to the Franks, it must exceed the aggregate mediation award by more than ten percent.

We consider the meaning of the last sentence of MCR 2.403(O)(4)(a) to determine if the verdict was more favorable to the Franks or to Kibbe:

> However, costs may not be imposed on a plaintiff who obtains an aggregate verdict more favorable to the plaintiff than the aggregate evaluation.

The Franks contend that a "more favorable" verdict is any verdict which exceeds the mediation evaluation by any amount. Kibbe contends that "more favorable" is defined in MCR 2.403(O)(3) and requires that the aggregate verdict exceed the aggregate mediation award by more than ten percent.

We conclude that "more favorable" when used in MCR 2.403(O)(4) should be assigned the same meaning it is given in MCR 2.403(O)(3). We reach this conclusion because it creates the type of internal harmony statutes and court rules seek to establish. Also, it is nearly impossible to read and interpret MCR 2.403(O)(4) without relying heavily upon the definitions in MCR 2.403(O)(3). Provisions must be read in the context of the entire statute so as to produce a harmonious whole. *In re Forfeiture of $5,264,* 432 Mich 242, 251; 439 NW2d 246 (1989). Seeming inconsistencies should be reconciled if possible. *People v Budnick,* 197 Mich App 21, 24; 494 NW2d 778 (1992).

Thus, we affirm the trial court's decision awarding sanctions to Kibbe. We agree with the Franks that the trial court improperly reduced the future

damages to present value. We agree with Kibbe that the trial judge improperly calculated interest on the full amount of the award for a period not permitted by the court rule. When the verdict is combined with the correct amount of interest for the correct period, the aggregate verdict is less than ten percent greater than the aggregate mediation evaluation. The verdict cannot be considered more favorable to the Franks, as that phrase is defined in MCR 2.403(O)(3). Mediation sanctions were properly awarded to Kibbe.

Affirmed.

SHEPHERD, J., did not participate.