PEOPLE v WARD

Docket No. 172890. Submitted April 19, 1995, at Lansing. Decided June 13, 1995, at 9:15 A.M.

Jerry E. Ward was bound over to the Oakland Circuit Court on a charge of assault with intent to maim. The court, Francis X. O'Brien, J., dismissed the charge, holding that the defendant's assault of his wife by placing his thumbs upon her eyes while threatening to pop out her eyeballs did not constitute the crime charged because the language of the statute required the actual putting out or destruction of an eye, which had not occurred. The people appealed.

The Court of Appeals *held:*

MCL 750.86; MSA 28.281, under which the defendant was charged, designates as a felony the act of a person "who shall assault another with intent to maim or disfigure his person by . . . putting out or destroying an eye." The defendant argues, and the circuit court agreed, that the phrase "by . . . putting out or destroying an eye" modifies "assault" rather than "intent to maim or disfigure" and that, accordingly, the assault had to be accompanied with the actual putting out or destruction of an eye. Such a construction of the language of the statute violates the rule of statutory construction that a modifying clause or phrase will be considered as modifying only the last antecedent unless something in the subject matter or dominant purpose of the statute requires a different interpretation. No such compelling reason exists with respect to § 86. Indeed, the construction urged by the defendant and adopted by the circuit court would render § 397 of the Penal Code, MCL 750.397; MSA 28.629, the mayhem statute, surplusage. Accordingly, because § 86 does not require for conviction the actual putting out or destruction of an eye but rather requires only the intent to maim or disfigure by the putting out or destruction of an eye, the circuit court erred in dismissing the charge against the defendant.

Reversed and remanded.

REFERENCES
Am Jur 2d, Assault and Battery § 51.
See ALR Index under Assault and Battery.

CRIMINAL LAW — ASSAULT WITH INTENT TO MAIM — DESTRUCTION OF
    AN EYE.
> The statute making criminal an assault with intent to maim does
> not require the actual putting out or destruction of an eye in
> order to sustain a conviction (MCL 750.86; MSA 28.281).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Richard H. Browne,* Acting Chief, Appellate Division, and *Anica Letica,* Assistant Prosecuting Attorney, for the people.

*John A. Basch,* for the defendant on appeal.

Before: BANDSTRA, P.J., and MURPHY and A. C. PERLOS,* JJ.

PER CURIAM. Defendant was charged with assault with intent to maim, MCL 750.86; MSA 28.281. At the preliminary examination, defendant's wife testified that, during the course of an argument, defendant grabbed her by the face, put his thumbs into her eyes, and said: "Now, I'm going to pop your eyeballs out." Nonetheless, after the defendant was bound over to the circuit court, this charge was dismissed. The circuit court reasoned that the crime of assault with intent to maim, under the circumstances of this case, required the actual putting out or destruction of an eye. Because the victim's eyes had remained intact, the circuit court dismissed the case. The people appeal as of right. We reverse.

MCL 750.86; MSA 28.281 states:

> Any person who shall assault another with intent to maim or disfigure his person by cutting out or maiming the tongue, putting out or destroying an eye, cutting or tearing off an ear, cutting or

---

* Circuit judge, sitting on the Court of Appeals by assignment.

slitting or mutilating the nose or lips or cutting off or disabling a limb, organ or member, shall be guilty of a felony, punishable by imprisonment in the state prison not more than ten years or by fine of not more than five thousand dollars.

At issue is whether the phrase "by . . . putting out or destroying an eye" should be understood to modify "assault" or "maim or disfigure." The former interpretation would support defendant's position that the statute requires an assault that actually results in the putting out or destruction of an eye. The latter interpretation supports the people's position that the statute requires only the intent to maim or disfigure by the putting out or destruction of an eye regardless of whether that actually occurs. While no case has construed this statute, the rules of statutory construction mandate the adoption of the people's interpretation.

The circuit court's interpretation violates the rule of statutory construction that a modifying clause or phrase will be considered as modifying only the last antecedent unless something in the subject matter or dominant purpose requires a different interpretation. *People v Pigula,* 202 Mich App 87, 90; 507 NW2d 810 (1993). Under this rule, the modifying phrase "by . . . putting out or destroying an eye" modifies the last antecedent preceding it, i.e., "maim or disfigure" rather than the earlier word "assault." Thus, the modifying clause merely specifies what the Legislature meant when it used the words "maim or disfigure" by listing the physical results that, if intended, would render a defendant chargeable under the statute. Thus, it was not necessary in this case for there to be an assault by the completed act of putting out an eye. It was sufficient that there was evidence that defendant intended that result, notwithstanding his failure to complete the act.

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature through reasonable construction in consideration of the purpose of the statute and the object sought to be accomplished. *Gross v General Motors Corp,* 448 Mich 147, 158-159; 528 NW2d 707 (1995). The court should avoid any construction that would render a statute, or any part of it, surplusage or nugatory. *Altman v Meridian Twp,* 439 Mich 623, 635; 487 NW2d 155 (1992); *Frank v William A Kibbe & Associates, Inc,* 208 Mich App 346, 350-351; 527 NW2d 82 (1995). Finally, statutes should be construed to avoid absurd or illogical consequences. *Gross, supra* at 164.

The people present several reasons why these rules should lead to adoption of their interpretation, but none so compelling as the existence of MCL 750.397; MSA 28.629, which provides:

> Any person who, with malicious intent to maim or disfigure, shall cut out or maim the tongue, put out or destroy an eye, cut or tear off an ear, cut or slit or mutilate the nose or lip, or cut off or disable a limb, organ or member, of any other person, and every person privy to such intent, who shall be present, aiding in the commission of such offense, shall be guilty of a felony, punishable by imprisonment in the state prison not more than ten years, or by fine of not more than five thousand dollars.

Both § 86 and § 397 were enacted as part of the 1931 recodification of the Penal Code, 1931 PA 328, and both went into effect on September 18, 1931.

Before 1931, these provisions were consecutive sections of the Criminal Code:

> SEC. 11. If any person, with malicious intent to maim or disfigure, shall cut out or maim the tongue, put out or destroy an eye, cut or tear off

an ear, cut or slit or mutilate the nose or lip, or cut off or disable a limb or member, of any other person, every such person, and every person privy to such intent, who shall be present, aiding in the commission of such offence, shall be punished by imprisonment in the state prison not more than ten [10] years, or by fine not exceeding one thousand [1,000] dollars, or both, at the discretion of the court. [1929 CL 16718.]

SEC. 12. If any person shall assault another with intent to maim or disfigure his person in any of the ways mentioned in the preceding section, he shall be deemed a felonious assaulter, and shall be punished by imprisonment in the state prison, not more than ten [10] years, or by fine not exceeding one thousand [1,000] dollars, or both, at the discretion of the court. [1929 CL 16719.]

Identically worded provisions existed in the Revised Statutes of 1846 and the Compiled Laws of 1857, 1871, 1897, and 1915.

Clearly, the Legislature intended from the beginning to proscribe both attempted maiming and actual maiming, as demonstrated by the Legislature's enactment of separate statutory sections for each offense. These statutes eventually became MCL 750.86; MSA 28.281 and MCL 750.397; MSA 28.629. Application of the circuit court's interpretation would frustrate this clear legislative intent. *Gross, supra* at 158-159. It also would render § 86 surplusage, because the elements required for conviction under § 86 would be exactly the same as those required under § 397. *Altman, supra; Frank, supra.*

The circuit court erred as a matter of law in holding that § 86 requires actual maiming, or, in this case, the putting out or destruction of an eye. We reverse and remand to the circuit court for reinstatement of the charge against defendant. We do not retain jurisdiction.