BROADWAY CONEY ISLAND, INC v COMMERCIAL UNION INSURANCE
COMPANIES (AMENDED OPINION)*

Docket No. 173719. Submitted February 13, 1996, at Lansing. Decided
June 7, 1996, at 9:10 A.M. Amended opinion released September 27,
1996, at 9:00 A.M.

Broadway Coney Island, Inc., and Sherry Jackson brought an action
in the Genessee Circuit Court against Commercial Union Insurance
Companies, Northern Assurance Company of America, Security
First Associated Agency, Inc., George Burgess, and George and
Carmen Panos. The Panoses filed a counterclaim. Jackson and
another person had purchased a restaurant business and equipment
from the Panoses and had leased the building housing the business
from the Panoses. Thereafter, Broadway Coney Island, Inc., was
incorporated and secured insurance coverage for contents loss and
business interruption through Security First and Burgess from
Commercial Union and Northern Assurance. A fire destroyed the
business, and the plaintiffs filed an insurance claim. The insurance
companies denied the claim on the basis of suspected arson and
the fact that it appeared that the named insured, Broadway, had no
insurable interest in much of the claimed contents losses. The case
was mediated, resulting in evaluations of $85,000 for the plaintiffs
of their claim against the insurance companies, no cause of action
by the plaintiffs against Security First and Burgess, and no cause of
action by the plaintiffs against the Panoses, but $21,000 for the
Panoses against the plaintiffs. Security First and Burgess accepted
the evaluation, the plaintiffs accepted the evaluation of the
Panoses' counterclaim but rejected the other evaluations, and the
insurance companies and the Panoses rejected the evaluations.
Subsequently, the plaintiffs settled with the insurance companies
for $90,000, of which $27,500 was to be paid the Panoses. The
insurance companies moved to have all the claims dismissed with
prejudice. First Security and Burgess sought to block the dismissal
on the basis that they were entitled to costs and attorney fees
because of having to defend against the plaintiffs' claims. The
court, Robert M. Ransom, J., dismissed the action and denied the

* The dissenting opinion in this case was inadvertently omitted when
the case was originally published in the advance sheets. The case was
subsequently designated an amended opinion when the dissenting opinion
was added, and the majority opinion became an authored opinion rather
than an opinion per curiam.—Reporter.

claim of First Security and Burgess for costs and attorney fees. First Security and Burgess appealed.

The Court of Appeals *held*:

1. An order of dismissal based on the settlement agreement is a judgment entered as a result of a ruling with respect to a motion and thus is a verdict within the meaning of MCR 2.403(O) for the purpose of determining mediation sanctions. Because the plaintiffs' aggregate mediation evaluation of $64,000 was greater than the net settlement of $62,500, Security First and Burgess, as opposing parties who accepted the mediation evaluation, are entitled to their actual costs from the plaintiffs as mediation sanctions. Accordingly, on remand, the trial court must determine the actual costs to be awarded as mediation sanctions.

2. Security First and Burgess are not entitled to tax costs and fees under MCR 2.114(F) on the basis that the insurance companies raised a frivolous defense. Not only have Security First and Burgess not cited any authority for the proposition that a frivolous defense raised by one defendant entitles a codefendant to seek sanctions under MCR 2.114(F), but also the record shows that the insurance companies had good-faith bases for raising the defenses of arson and lack of insurable interest.

Affirmed in part, reversed in part, and remanded.    ·

WHITE, P.J., dissenting in part, stated that the record fails to support a conclusion that the trial court determined that the insurance companies' defense was not frivolous and that the trial court on remand should consider fully the question of the agents' request for sanctions against the insurance companies.

COSTS — MEDIATION SANCTIONS — SETTLEMENTS — VERDICTS.

A settlement that results in the dismissal of a claim is a verdict for the purpose of determining mediation sanctions (MCR 2.403[O][2][c]).

*Philip L. Dulmage,* for the plaintiffs.

*Holahan, Malloy, Maybaugh & Monnich* (by *David L. Delie, Jr.*), for Security First Associated Agency, Inc., and George Burgess.

*Morrison, Mahoney & Miller* (by *Gary R. Chopp* and *Jeffrey R. Learned*), for Commercial Union Insurance Companies and Northern Assurance Company of America.

AMENDED OPINION

Before: WHITE, P.J., and FITZGERALD and E. M. THOMAS,* JJ.

FITZGERALD, J. Defendants Security First Associated Agency, Inc., and George Burgess (the agents) appeal as of right from the orders effectively denying them costs and attorney fees as sanctions against plaintiffs and defendants Commercial Union Insurance Companies and Northern Assurance Company of America (the insurance companies).[1] Plaintiffs sued defendants when the insurance companies denied coverage for a fire that destroyed property owned by plaintiff Broadway Coney Island, Inc. In September 1993, plaintiffs and the insurance companies settled the lawsuit for $90,000 and sought to have all claims dismissed with prejudice. The insurance agents sought to block the dismissal on the basis that they should be paid costs and attorney fees as sanctions for having to defend against plaintiffs' claims. Following hearings, the trial court issued a written opinion and order that granted the insurance companies' "motion for entry of order of dismissal under MCR 2.504(A)." The insurance agents' motion for reconsideration, seeking to recover costs and attorney fees against plaintiffs and the insurance companies, was denied.

FACTS

In February 1988, plaintiff Sherry Jackson and her business partner, Darlene Meehling, purchased the Broadway Coney Island restaurant from George and Carmen Panos. Jackson and Meehling paid $25,000 cash for the business and signed a $25,000 promissory

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] Defendants George Panos and Carmen Panos are not involved in this appeal.

note. They also leased the building from the Panoses for five years. Plaintiff Broadway Coney Island, Inc., was formed by Jackson and Meehling in 1987 and was apparently incorporated to run and own the restaurant business. In March 1988, Jackson contacted insurance agents Security First and Burgess to purchase insurance for the restaurant. The policy was issued by the insurance companies to Broadway and provided $100,000 worth of contents coverage at replacement cost, plus $50,000 worth of coverage for business interruption. Jackson bought out Meehling's share of the business and corporation in December 1988.

In May 1989, a fire destroyed the contents of the restaurant, and plaintiffs claimed losses of $123,792.50, which included $98,235 in property damage. The insurance companies rejected plaintiffs' claims on several grounds, including arson and lack of insurable interest. The defense of lack of insurable interest was based upon the insurance companies' belief that Jackson, who was not an insured party, owned the business assets. Plaintiffs sued the insurance companies, seeking coverage for the fire loss. In the same complaint, plaintiffs sued the agents, alleging that the agents' breach of the duty to inform the insurance companies of Broadway's ownership of the business assets resulted in the insurance companies raising the defense of lack of insurable interest. From the outset, the agents took the position that the only reason they were named in the lawsuit was because the insurance companies had raised the frivolous defense of lack of insurable interest.

The case was mediated in September 1991, resulting in the following evaluation: (1) no cause of action in favor of defendants George and Carmen Panos, with an award of $21,000 in their favor against plaintiffs; (2) no cause of action in favor of insurance

agents Security First and Burgess; and (3) $85,000 in favor of plaintiffs against insurance companies Commercial Union and Northern Assurance.

The agents accepted the mediation evaluation. Plaintiffs accepted the $21,000 award in favor of the Panoses, but rejected the remaining evaluations. The insurance companies and the Panoses rejected the mediation evaluation.

In May 1993, plaintiffs and the insurance companies stipulated the withdrawal of the lack of insurable interest defense and dismissal of plaintiffs' claims against the insurance agents. The agents objected to the stipulation and order for dismissal on the ground that it violated MCR 2.504(A), apparently because it was not agreed to by all the parties. Plaintiffs and the insurance companies reached a settlement in this case, which was placed on the record. Counsel for the agents was not present at the hearing, but his opposition to any order of dismissal was noted. Under the settlement, the insurance companies would pay plaintiffs $90,000, plaintiffs would pay the Panoses $27,500, and all claims would be dismissed.

At the hearing on the insurance companies' motion to dismiss, the agents complained that dismissal would be unfair to them because they had been forced to defend against plaintiffs' claims for three years because of a frivolous affirmative defense raised by the insurance companies. The agents requested denial of the motion so they would have the opportunity to recoup some of the costs of litigation and sought consideration of their motion for summary disposition. The agents' motion for summary disposition was scheduled to be heard two days later, on October 27, 1993. The trial court granted the motion for entry of dismissal with prejudice and without costs to any party.

· I

Agents Security First Associated Agency and George Burgess argue that they are entitled to costs and attorney fees as mediation sanctions under MCR 2.403(O) because plaintiffs, who rejected mediation, did not improve their position in the ultimate settlement.

Mediation sanctions are governed by MCR 2.403(O), which provides in relevant part:

> (1) If a party has rejected an evaluation and the action proceeds to trial, *that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the mediation evaluation.* However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the mediation evaluation.
>
> (2) For the purpose of this rule, *"verdict" includes*
>
>       *        *        *
>
> (c) *a judgment entered as a result of a ruling on a motion* filed after mediation. [Emphasis added.]

Under MCR 2.403(O)(6)(b), actual costs include reasonable attorney fees for services necessitated by the rejection of the mediation evaluation.

The order of dismissal with prejudice falls within the definition of "verdict" under MCR 2.403(O)(2)(c). The order had the same effect as a judgment of no cause of action in favor of the insurance agents and, therefore, is to be treated as one. To find otherwise would be contrary to the purpose behind MCR 2.403, which is to encourage settlement and deter protracted litigation by placing the burden of litigation costs upon the party that required that the case proceed toward trial by rejecting the mediator's evaluation. *Michigan Basic Property Ins Ass'n v Hackert Furniture Distributing Co, Inc*, 194 Mich App 230, 234; 486 NW2d 68 (1992). Plaintiffs cannot be allowed

to reject mediation, then avoid potential mediation
sanctions owed to third parties by means of a settle-
ment arrangement that does not involve those parties.
   MCR 2.403(L)(3) provides in relevant part:

> In mediations involving multiple parties the following
> rules apply:
>   (a) Each party has the option of accepting all of the
> awards covering the claims by or against that party or of
> accepting some and rejecting others. However, as to any
> particular opposing party, the party must either accept or
> reject the evaluation in its entirety.

   MCR 2.403(O) provides in relevant part:

> (3) For the purpose of subrule (O)(1), a verdict must be
> adjusted by adding to it assessable costs and interest on the
> amount of the verdict from the filing of the complaint to the
> date of the mediation evaluation. After this adjustment, the
> verdict is considered more favorable to a defendant if it is
> more than 10 percent below the evaluation, and is consid-
> ered more favorable to the plaintiff if it is more than 10 per-
> cent above the evaluation. If the evaluation was zero, a ver-
> dict finding that a defendant is not liable to the plaintiff
> shall be deemed more favorable to the defendant.
>   (4) In cases involving multiple parties, the following rules
> apply:
>   (a) Except as provided in subrule (O)(4)(b), *in determin-
> ing whether the verdict is more favorable to a party than
> the mediation evaluation, the court shall consider only the
> amount of the evaluation and verdict as to the particular
> pair of parties*, rather than the aggregate evaluation or ver-
> dict as to all parties. However, *costs may not be imposed
> on a plaintiff who obtains an aggregate verdict more
> favorable to the plaintiff than the aggregate evaluation.*
> [Emphasis added.]

   For an aggregate verdict to be considered more
favorable to the plaintiff under MCR 2.403(O)(4), the
aggregate verdict must exceed the aggregate media-
tion evaluation by more than ten percent as required
by MCR 2.403(O)(3). *Frank v William A Kibbe &*

*Associates, Inc*, 208 Mich App 346, 354; 527 NW2d 82 (1995). Plaintiffs are liable to the insurance agents for mediation sanctions because their aggregate settlement amount is, in fact, less than the aggregate mediation evaluation. The settlement did not provide for any costs and apparently included any interest to be awarded plaintiffs. Plaintiffs received $90,000 in settlement, $27,500 of which went to the Panoses, for an aggregate total of $62,500. The mediation evaluation gave $85,000 to plaintiffs, less $21,000 to the Panoses, for an aggregate mediation evaluation of $64,000. Plaintiffs owe the agents actual costs as sanctions for rejecting mediation. Therefore, we remand this case to the circuit court for a determination of actual costs to be awarded as mediation sanctions under MCR 2.403(O)(1).

II

The agents also assert that the trial court erred in refusing to award them costs and fees to be paid by the insurance companies as a penalty for raising a frivolous defense. Attorney fees may generally be awarded as taxable costs only where specifically authorized by statute or court rule. *Attorney General v Piller (After Remand)*, 204 Mich App 228, 232; 514 NW2d 210 (1994). MCR 2.114(F) provides that "a party pleading a frivolous claim or defense is subject to costs as provided by MCR 2.625(A)(2)." MCR 2.625(A)(2) states that "if the court finds on motion of a party that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591; MSA 27A.2591." MCL 600.2591; MSA 27A.2591 provides in relevant part:

(1) Upon motion of any party, if a court finds that a civil action . . . was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by

assessing the costs and fees against the nonprevailing party and their attorney.

*     *     *

(3) As used in this section:

(a) "Frivolous" means that at least 1 of the following conditions is met:

(i) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

(ii) The party had no reason to believe that the facts underlying that party's legal position were in fact true.

(iii) The party's legal position was devoid of arguable legal merit.

The agents have cited no authority indicating that a frivolous defense raised by one defendant may entitle a codefendant to sanctions under MCR 2.114(F). Nonetheless, the record does not support the insurance agents' argument that the insurance companies' defense of lack of insurable interest was frivolous. An issue of fact existed regarding whether Broadway was the owner of the business assets before the fire or whether Jackson executed a backdated bill of sale after the fire occurred. The bill of sale purporting to transfer the restaurant assets from Jackson and Meehling to Broadway appears suspicious in that it is signed only by Jackson, who notarized her own signature. Although Meehling and Jackson passed a corporate resolution agreeing to transfer the property, they never executed property documents for the sale. Given the suspicious nature of the fire,[2] and the lack of documentation showing that Broadway owned the business assets, it was reasonable for the insurance companies to assert that Broadway did not have an

---

[2] Arson investigators determined that the fire had been set with gasoline. When firemen arrived at the scene, they found the building locked and secured, with the windows intact.

insurable interest in the property destroyed in the fire. The insurance companies had a good-faith factual basis to raise the defense, which is a recognized defense against a claim for coverage. *Secura Ins Co v Pioneer State Mutual Ins Co*, 188 Mich App 413, 415; 470 NW2d 415 (1991).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. Jurisdiction is not retained.

E. M. Thomas, J., concurred.

White, P.J., (*concurring in part and dissenting in part*). I concur in part I of the majority opinion.

I would, however, remand for further consideration of the agents' request for sanctions against the insurance companies for raising a frivolous defense. While I agree with the majority that an argument can be made that the defense was not frivolous,[1] the record does not support a conclusion that the trial court made such a determination. Rather, it appears that the agents' request for costs and sanctions under the various court rules against plaintiffs and the insurance companies was denied in a summary fashion, with little discussion and no explanation. At the October 1993 hearing, the focus was on the entry of the order of dismissal, not the agents' entitlement to costs. At the motion for rehearing, the court simply found it had committed no error. Further, because all requests for costs were summarily denied together and the court's denial of sanctions against plaintiffs is being reversed by this Court, fairness counsels that the trial court give full consideration to the request that the insurance companies pay sanctions as well.

---

[1] There is also support for the agents' postion that the defense was, in fact, frivolous.