**Michigan Supreme Court**
Lansing, Michigan 48909

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED NOVEMBER 4, 2003**

RONALD SCHMALFELDT,

    Plaintiff-Appellant,

v                                                                No. 122634

NORTH POINTE INSURANCE COMPANY,

    Defendant-Appellee.

_____

**PER CURIAM**

Plaintiff Ronald Schmalfeldt, injured in a fight at the Elite Bar in Watervliet, directly sued the bar's insurer, North Pointe Insurance Company, to secure payment for $1,921 in dental bills. At issue is whether he can sue as a third-party beneficiary of the Elite Bar-North Pointe insurance policy. We affirm the judgment of the Court of Appeals, albeit on other grounds, and hold that he is not a third-party beneficiary of the contract.

## I. Background

On August 24, 1997, Schmalfeldt was at the Elite Bar playing a game of pool with another bar patron. The game

led to an argument. Schmalfeldt tried to walk away, but was struck in the face by the other player, who then fled.

Schmalfeldt needed extensive dental work to repair the damage to his mouth and incurred dental expenses totaling $1,921. He asked the owner of the Elite Bar to pay his dental expenses, but the owner refused.

Schmalfeldt sought payment directly from North Pointe, which had issued a commercial liability insurance policy to the owner of the Elite Bar. He claimed a right to benefits under the medical payments provision of the policy. In this provision, North Pointe agreed to pay up to $5,000 for medical expenses for a "bodily injury" caused by an "accident," provided the injury occurred on or next to the insured's premises or because of the insured's operations. Payments are made "regardless of fault."

North Pointe refused to pay benefits without a request from its insured to do so. When the bar owner told North Pointe that the bar did not want to invoke the medical benefits provision in this case, North Pointe denied Schmalfeldt's request.

Schmalfeldt responded by filing a lawsuit against North Pointe in the civil division of the Berrien County Trial Court, claiming to be a third-party beneficiary of the insurance contract.[1] He moved for summary disposition

_____

[1] Schmalfeldt did not sue his assailant because he could not identify that person. He also did not sue the Elite Bar, apparently conceding that it had not breached any duty to him.

2

on the theory that the medical benefits provision authorized him to sue North Pointe to enforce the terms of the contract. The court denied Schmalfeldt's motion, finding that the medical benefits provision did not support Schmalfeldt's claim that North Pointe undertook to do something directly for him. Thus, the court held that Schmalfeldt was not a third-party beneficiary of the insurance contract and granted summary disposition in North Pointe's favor.

Schmalfeldt successfully appealed within the civil division of the trial court,[2] which held that the medical benefits provision "directly benefited" people situated like plaintiff, who are members of the general public and patrons on the premises of the Elite Bar, and ordered summary disposition in Schmalfeldt's favor.

The Court of Appeals granted North Pointe's application for leave to appeal and reversed.[3] It decided that Schmalfeldt was merely an incidental beneficiary and was not entitled to enforce the insurance contract. The Court of Appeals cited the statute governing third-party beneficiaries, MCL 600.1405, and examined *Allstate Ins Co v*

---

[2] Under Supreme Court Administrative Order Nos. 1996-5 and 1997-12, the Berrien County circuit, district, and probate courts participated in a court consolidation demonstration project in which the above courts fully merged into one consolidated trial court. Because of this project, Schmalfeldt appealed within the civil division of the Berrien County Trial Court. See AO 1996-5 and 1997-12.

[3] 252 Mich App 556; 652 NW2d 683 (2002).

*Keillor*, 190 Mich App 499; 476 NW2d 453 (1991),[4] for guidance in determining whether Schmalfeldt was a direct or incidental beneficiary of the medical payment provision. In its opinion, the Court of Appeals stated:

> While the medical payment provision at issue in the instant case differs from the provision at issue in *Keillor* and *Hayes* because the instant provision does not refer to liability, we nonetheless find *Keillor* and *Hayes* instructive. Indeed, like the provision in *Keillor* and *Hayes*, the purpose of the provision in the instant case is essentially to "shield the insured" from having eventually to pay out-of-pocket expenses. We conclude that the contract at issue in the instant case benefits the insured and that plaintiff was merely an incidental beneficiary who was not entitled to enforce the contract. [252 Mich App 563-564.]

On the basis of its review of *Keillor* and *Hayes*, the Court of Appeals held that North Pointe's insurance contract benefitted the insured, and that Schmalfeldt was merely an incidental beneficiary who was not entitled to enforce the contract. The Court of Appeals added that this conclusion was supported by case law from other jurisdictions.

Schmalfeldt has sought leave to appeal in this Court.

---

[4] Reversed on other grounds sub nom *Allstate Ins Co v Hayes*, 442 Mich 56; 499 NW2d 743 (1993).

## II.  Standard of Review

We review de novo decisions regarding summary disposition motions. *First Public Corp v Parfet*, 468 Mich 101, 104; 658 NW2d 477 (2003).  This case involves the proper interpretation of a contract, which is a question of law that is also reviewed de novo. *Archambo v Lawyers Title Ins Corp*, 466 Mich 402, 408; 646 NW2d 170 (2002).

## III.  Discussion

In relevant part, the medical payments provision states:

**COVERAGE C. MEDICAL PAYMENTS**

1. Insuring Agreement.

a. We will pay medical expenses as described below for "bodily injury" caused by an accident:

(1) On premises you own or rent;

(2) On ways next to premises you own or rent; or

(3) Because of your operations;

provided that:

(1) The accident takes place in the "coverage territory" and during the policy period;

(2) The expenses are incurred and reported to us within one year of the date of the accident; and

(3) The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

b. We will make these payments regardless of fault.  These payments will not exceed the applicable limit of insurance. . . .

Michigan's third-party beneficiary statute, MCL 600.1405, states in pertinent part:

> Any person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee.

> (1) A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise has undertaken to give or to do or refrain from doing something directly to or for said person.

As we recently said in *Brunsell v Zeeland*, 467 Mich 293, 296; 651 NW2d 388 (2002), "the plain language of this statute reflects that not every person incidentally benefitted by a contractual promise has a right to sue for breach of that promise . . . ." Thus, only intended, not incidental, third-party beneficiaries may sue for a breach of a contractual promise in their favor. *Id.*

A person is a third-party beneficiary of a contract only when that contract establishes that a promisor has undertaken a promise "directly" to or for that person. MCL 600.1405; *Koenig v South Haven*, 460 Mich 667, 677; 597 NW2d 99 (1999). By using the modifier "directly," the Legislature intended "to assure that contracting parties are clearly aware that the scope of their contractual undertakings encompasses a third party, directly referred to in the contract, before the third party is able to enforce the contract." *Id.* An objective standard is to be used to determine, "from the form and meaning of the contract itself," *Kammer Asphalt v East China Twp*, 443 Mich

6

176, 189; 504 NW2d 635 (1993) (citation omitted), whether the promisor undertook "to give or to do or to refrain from doing something directly to or for" the person claiming third-party beneficiary status, *Brunsell*, *supra* at 298.

As *Brunsell*, *Koenig*, and *Kammer Asphalt* make clear, a court should look no further than the "form and meaning" of the contract itself to determine whether a party is an intended third-party beneficiary within the meaning of § 1405. Here, the Court of Appeals correctly began with the proposition that third-party beneficiary status is defined by § 1405. But, without the benefit of our decision in *Brunsell*,[e] the Court then turned to case law for resolution of "the issue of direct versus incidental beneficiaries in the context of a medical payment provision such as that at issue in the instant case." 252 Mich 562.

The focus of the inquiry, however, should be whether North Pointe, by its agreement to cover medical expenses for bodily injuries caused by accidents, "had undertaken to give or to do or refrain from doing something directly to or for" Schmalfeldt pursuant to the third-party beneficiary statute, MCL 600.1405(1). Thus, as *Brunsell* clarifies, we must turn to the contract itself to see whether it granted Schmalfeldt third-party beneficiary status.

We affirm the decision of the Court of Appeals because the contract contains no promise to directly benefit

---

[e] The Court of Appeals decided this case on August 23, 2002, approximately one month before we issued our decision in *Brunsell* on September 24, 2002.

7

Schmalfeldt within the meaning of § 1405. Nothing in the insurance policy specifically designates Schmalfeldt, or the class of business patrons of the insured of which he was one, as an intended third-party beneficiary of the medical benefits provision. At best, the policy recognizes the possibility of some incidental benefit to members of the public at large, but such a class is too broad to qualify for third-party status under the statute. *Brunsell*, *supra* at 297; *Koenig*, *supra* at 680.

Only intended beneficiaries, not incidental beneficiaries, may enforce a contract under § 1405. *Koenig*, *supra* at 680. Here, the contract primarily benefits the contracting parties because it defines and limits the circumstances under which the policy will cover medical expenses without a determination of fault. This agreement is between the contracting parties, and Schmalfeldt is only an incidental beneficiary without a right to sue for contract benefits. For this reason, North Pointe is entitled to summary disposition. The Court of Appeals judgment in favor of defendant is affirmed. MCR 7.302(G)(1).

Maura D. Corrigan
Elizabeth A. Weaver
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

# STATE OF MICHIGAN

## SUPREME COURT

RONALD SCHMALFELDT,

    Plaintiff-Appellant,

v                                                                No. 122634

NORTH POINTE INSURANCE COMPANY,

    Defendant-Appellee.

_____

KELLY, J. (*dissenting*).

I would not dispose of this case by an opinion per curiam, but would grant leave to appeal to better analyze two issues: whether, given the ambiguity in the contract regarding the scope of individuals covered, the parties to the Elite Bar-North Pointe insurance policy intended a direct benefit to an identifiable class of persons. Also, when insurance contract language is ambiguous, should a reviewing court be free to look further than the "form and meaning" of the language to determine if a third party is contemplated? See, e.g., *Klapp v United Ins Group Agency*, 468 Mich 459; 663 NW2d 447 (2003).

                                  Marilyn Kelly
                                  Michael F. Cavanagh