KELLY, J.
(concurring). I agree with the majority that the appellant, Creative Maintenance, Ltd., did not owe a duty to plaintiff Sandra Fultz. However, I cannot agree with some of the majority’s rationale used in reaching this result.
The issue is whether a duty exists. The majority opinion attempts to resolve it by recognizing the continued validity of Restatement Torts, 2d, § 324A.[1] The opinion first appears to analyze this case under Restatement Torts, 2d, § 324A(b). Ultimately, however, it rejects this provision. Instead, it limits the existence of *471 tort liability that runs to persons not parties to a contract to situations where a duty arises “separately] and distinctly]” from the duty owed under the contract. I read this as a conclusion that a nonparty to the contract can recover in tort only for damages arising out of situations covered by § 324A(a). The majority appears to ignore the situations outlined in § 324A(b) and (c). Therefore, I disagree with the limitations that the majority imposes on the existence of a duty.
THE MAJORITY’S INTERPRETATION IS OVERLY EXPANSIVE
The majority notes[2] that this Court and the Court of Appeals have developed tests for deciding whether an action lies in breach of contract rather than in tort. The majority also observes[3] that this Court and the Court of Appeals have defined a tort action stemming from misfeasance in terms of whether the “plaintiff alleges violation of a legal duty separate and distinct from the contractual obligation.” Rinaldo’s Constr Corp v Michigan Bell Tel Co, 454 Mich 65, 84; 559 NW2d 647 (1997). However, after reviewing the cases cited by the majority, I conclude that it is taking a more expansive view of that definition than has been taken previously.
The existence of a “duty separate and distinct from the contractual obligation,”[4] has been identified historically as a dividing line between tort and contract obligations. Thus far, however, this rule has been applied only to disputes involving the parties to a contract. In those cases, the one harmed by a breach of the contract could not recover both in contract and in tort.
*472 All the cases that the majority cites[5] involve a duty allegedly separate from a contract. In Hart[6] the Court determined whether the plaintiff could maintain an action in tort against the defendant for failing to adequately care for the plaintiffs orchard. The parties had an oral contract. Sherman[7] involved a plaintiff who filed a complaint against a boat manufacturer arising from a contract to sell a boat. See also Rinaldo’s, 454 Mich 79-80, Ferrett v Gen Motors Corp, 438 Mich 235; 475 NW2d 243 (1991), Chase v Clinton Co, 241 Mich 478, 479-480; 217 NW 565 (1928), and Churchill v Howe, 186 Mich 107; 152 NW 989 (1915).
In each of these cases, the plaintiff and the defendant were parties to a contract. It was necessary for each court to determine whether a breach of the contract could give rise to a separate tort duty. It was necessary to identify what theory of recovery applied as well as what damages were recoverable.
However, this case is different. The contract involved is not between Creative Maintenance and Fultz. As a consequence, I am not convinced that the law the majority invokes should be extended to this situation.
The use of a “separate and distinct” test to determine whether a duty in tort arises independently of the contract may have appeal. However, it fails where the contract itself outlines a specific duty to protect third persons.
A HELPFUL HYPOTHETICAL EXAMPLE
By way of example, assume that a building owner hires a contractor to patch the building’s crumbling *473 fagade to avoid injury to those passing near it. The contract explicitly states that the purpose of the contract is to protect the public from harm and that the contractor undertakes this duty. Nevertheless, the contractor misjudges the extent of the building’s deterioration and uses inadequate repair methods that, although not increasing the risk of falling materials, do not make the fagade safe. Assume, moreover, that a member of the public sues the contractor, claiming harm from a failure to protect after being injured when a portion of the fagade falls on him. To satisfy the majority’s test, the contractor must owe a duty to the plaintiff that is separate and distinct from his contractual obligations. In this hypothetical case, application of the majority’s test would result in a finding of no cause of action for the member of the general public. This is incongruous because it is the general public that the contract was designed to protect.
It could be argued that a member of the public might still sue as a third-party beneficiary of the contract. However, this Court has recently stated that Michigan law does not empower incidental beneficiaries to enforce a contract. Koenig v South Haven, 460 Mich 667, 679-680; 597 NW2d 99 (1999) (opinion by TAYLOR, J.); Schmalfeldt v North Pointe Ins Co, 469 Mich 422, 427-428; 670 NW2d 651 (2003); MCL 600.1405. Rather, a person can be a third-party beneficiary of a contract only when the promisor undertakes an obligation “directly” to or for that person. Koenig, supra; Schmalfeldt, supra.
In Koenig, the author of the lead opinion wrote: “[T]his Court has adopted the persuasive rule that a third-party beneficiary ‘may be one of a class of persons, if the class is sufficiently described or designated.’ ” Koenig, supra at 680 (citations and emphasis omitted). *474 But the benefit of such a contract cannot run to a member of the general public. Id.; Schmalfeldt, supra at 428.
Therefore, in the hypothetical case, a third-party member of the public could not recover from the actual tortfeasor either under the contract or in tort. I do not agree with this proposition. It is particularly distressing because the majority’s new analysis of these claims could leave innocent persons without recourse to redress their injuries. Such persons may be precluded from recovering either from the tortfeasor or from the tortfeasor’s employer.
In cases in which the jury assigns one hundred percent of the fault to the contractor, plaintiffs will have no recovery. MCL 600.2957(1) requires the jury to assess the percentage of fault by “considering] the fault of each person, regardless of whether the person is, or could have been, named as a party to the action.” Thus, while the contractor does not owe any duty to the plaintiff, the premises owner’s liability will be determined according to the jury’s allocation of fault.
So, an innocent plaintiff, whose injury results entirely from the negligence of a contractor, will recover nothing from the premises owner. She will also have no cause of action against the contractor because the contractor owes no duty to the plaintiff. Rather than adopt the majority’s new test, I would recognize that in certain circumstances a duty under tort can arise solely from a contractual obligation.
The facts of this case, as noted by the majority, are distinct from those in Osman v Summer Lawn Care, Inc, 209 Mich App 703; 532 NW2d 186 (1995). Ante, p 468. In Osman, the defendant created a hazard by placing snow on a sidewalk, walkway, and steps where it should have known snow would melt and freeze into ice. *475 However, the defendant’s actions there gave rise to a tort claim under the theory embodied in Restatement Torts, 2d § 324A(a), not under the theory in § 324A(b).
The latter subsection contemplates a situation in which the defendant assumes the duty owed by the other contracting party. The majority ignores this subsection in its decision to require a duty “separate and distinct” from the contract.
CONCLUSION
Plaintiff maintains that the Court of Appeals was correct when it found that a duty separate from the contract was at issue in the instant case. However, plaintiff assumes that every agreement to undertake a task for another equates to an agreement to undertake the duty owed by the other to a third person. This is not accurate.
Such a comprehensive assumption of duty has been described in at least one jurisdiction as a case “where the contracting party has entirely displaced the other party’s duty to maintain the premises safely....” Es-pinal v Melville Snow Contractors, Inc, 98 NY2d 136, 140; 773 NE2d 485 (2002).
At the least, to undertake a duty pursuant to § 324A(b), the contracting party must clearly have agreed to fulfill the other party’s obligation, together with the inherent responsibilities and potential liabilities. Such an agreement would meet the reasonable expectations of the contracting parties. It would also allow the plaintiffs an avenue of recovery where the duty to act is not necessarily separate and distinct from the duties spelled out in the contract itself.
Here, there is no evidence that the contract between Creative Maintenance and the shopping center contem *476 plated that Creative would assume the duties that the center owed to the center’s business invitees. Thus, Fultz failed to establish that Creative Maintenance owed her a duty under § 324A(b).
Accordingly, I concur with the result reached by the majority.
CAVANAGH, J., concurred with KELLY, J.

 Section 324A provides:
One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect [sic] his undertaking, if
(a) his failure to exercise reasonable care increases the risk of such harm, or
(b) he has undertaken to perform a duty owed by the other to the third person, or
(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

 Ante at 465-466.

 Ante at 467.

 Id.

 Ante at 466-467.

 Hart v Ludwig, 347 Mich 559, 560; 79 NW2d 895 (1956).

 Sherman v Sea Ray Boats, Inc, 251 Mich App 41; 649 NW2d 783 (2002).