# STATE OF MICHIGAN

# COURT OF APPEALS

ROSA WOODS,

        Plaintiff-Appellant,

and

ROSETTA HALL,

        Plaintiff,

v

RE INVESTMENT, INC.,

        Defendant,

and

CITIFINANCE, INC., CITIMORTGAGE, INC.,
and CITI, INC.,

        Defendants-Appellees.

UNPUBLISHED
August 23, 2018

No. 338139
Wayne Circuit Court
LC No. 16-006341-CH

Before: CAMERON, P.J., and RONAYNE KRAUSE and TUKEL, JJ.

PER CURIAM.

Plaintiff Rosa Woods appeals by right the circuit court's order dismissing her contract and tort claims against defendants CitiFinance, Inc., CitiMortgage, Inc., and Citi Inc.[1] under MCR 2.116(C)(10) (no genuine issues of material fact). We affirm the circuit court's grant of summary disposition on plaintiff's contract claims, reverse the grant of summary disposition on plaintiff's tort claims, and remand for further proceedings.

---

[1] RE Investment, Inc. was also a defendant but is not a party on appeal.

-1-

## I. BASIC FACTS

Plaintiff's mother, Rosetta Hall,[2] entered into a land contract to purchase a home. Hall never lived in the home, and plaintiff, Hall's daughter who did live in the home, made the payments. Plaintiff was not a party to the contract, and Hall never assigned her rights under the contract to plaintiff. Plaintiff fell behind on the payments in 2004 and received delinquency notices from 2005 until 2014, when the home was eventually paid off. Plaintiff believed that defendants failed to apply sums to the delinquency and that they harassed her with notifications that she was behind on her payments.

On May 18, 2016, plaintiff and Hall filed a complaint against defendants, asserting fraud, negligence, negligent misrepresentation, negligent infliction of emotional distress, breach of contract, and breach of the Fair Credit Reporting Act, 15 USC 1681 *et seq*. While defendants did not assert lack of standing as a defense in their original answer, they later sought and received leave to amend their answer to do so. The circuit court ultimately granted defendants' motion for summary disposition, which was based in part on plaintiff's lack of standing.

## II. PLEADINGS AND AFFIRMATIVE DEFENSES

Plaintiff first argues that the circuit court should have stricken defendants' answer because in the answer, defendants failed to respond to plaintiff's allegations with particularity. Plaintiff failed to raise this issue in the trial court; accordingly, the issue is not preserved for appellate review. See *Peterman v Dep't of Natural Res*, 446 Mich 177, 183; 521 NW2d 499 (1994). This Court reviews unpreserved issues for plain error affecting a party's substantial rights. *Duray Dev, LLC v Perrin*, 288 Mich App 143, 150; 792 NW2d 749 (2010). An error is plain if it is clear or obvious, and it affects substantial rights if it affected the outcome of the lower court proceedings. *Id*.

In a responsive pleading, a party must (1) state an explicit admission or denial, (2) plead no contest, or (3) state that the pleader lacks sufficient information to form a belief as to the truth of the allegation. MCR 2.111(C). If the party states a denial, it must also "state the substance of the matters on which the pleader will rely to support the denial." MCR 2.111(D). If a party does not deny an issue, it is effectively admitted. MCR 2.111(E)(1). Courts must view pleadings as a whole to determine whether the answer is "sufficiently specific so that a plaintiff will be able to adequately prepare his case." *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 318; 503 NW2d 758 (1993).

A review of the answer in this case indicates that defendants clearly stated their belief that plaintiff's claims were meritless because they had committed no wrongdoing and because plaintiff had supported her complaint with an "incomplete and marked up" payment ledger. Defendants denied that plaintiff had paid off the land contract in July 2014. Defendants admitted they had sent correspondence to plaintiff, but they denied the correspondence was improper.

---

[2] Hall was a plaintiff below but has not appealed. Consequently, only Woods's claims are before us on appeal.

Defendants denied that they had harassed plaintiff. Further, when defendants stated that plaintiff's allegations contained a legal conclusion to which no response was required, it was an explanation for why defendants were denying the allegation as untrue.

We conclude that defendants' responses in their answer were sufficient to indicate that they intended to proceed on the basis that, while they had sent notices to plaintiff, those notices were not harassment and had not caused damages. Defendants' answer also indicated that they would argue that Hall had breached the contract and had not actually overpaid on it. For these reasons, the circuit court did not commit a clear or obvious error by failing to sua sponte strike defendants' answer as insufficient.

Plaintiff next contends that the circuit court erred when it allowed defendants to amend their answer so they could add the affirmative defense of standing. We review a circuit court's decision on a motion for leave to amend pleadings for an abuse of discretion. *Titan Ins v North Pointe Ins*, 270 Mich App 339, 346; 715 NW2d 324 (2006).

"A defense not asserted in the responsive pleading or by motion as provided in these rules is waived," subject to exceptions that do not apply in this case. MCR 2.111(F)(2). "Affirmative defenses must be stated in a party's responsive pleading, either as originally filed or as amended in accordance with MCR 2.118." MCR 2.111(F)(3). Affirmative defenses include several specific defenses, MCR 2.111(F)(3)(a), as well as those that "seek[] to avoid the legal effect of or defeat the claim of the opposing party, in whole or in part," MCR 2.111(F)(3)(b). MCR 2.118(A)(2) allows a party to amend a pleading "by leave of the court or by written consent of the adverse party."

We hold that the circuit court did not abuse its discretion when it granted defendants' motion to amend their answer. "It is a fundamental rule of civil procedure in this state that leave to amend pleadings should be given freely." *Stanke*, 200 Mich App at 321. In support of her position, plaintiff primarily relies on the fact that defendants did not do their due diligence in determining that plaintiff was not a party to the contract and their delay in asserting this defense is not excusable. However, "[a]lthough delay is a factor to be considered in granting a motion to amend pleadings, delay alone does not warrant denial of a motion to amend." *Id.* (citations omitted). "Delay may give rise to a legitimate basis for denying a motion to amend, such as where the delay was in bad faith or causes actual prejudice to the opponent." *Id.* But here, plaintiff failed to provide any facts to show that defendants acted with bad faith. Further, plaintiff cannot show how she was prejudiced. When defendants moved for summary disposition on March 17, 2017, one of the arguments raised was that plaintiff lacked standing. Thus, plaintiff was not caught off-guard when defendants later moved to amend their pleadings to assert lack of standing. In other words, with plaintiff being aware as of March 17 of defendants' intention to challenge her standing, plaintiff was not denied a fair chance to oppose the defense when the circuit court granted defendants' motion to amend their pleading a month later on April 17, 2017. Therefore, we cannot conclude that the circuit court abused its discretion when it granted defendants' motion to amend their answer.

Plaintiff also asserts that the circuit court should not have relied on the economic loss doctrine,[3] as defendants had not invoked it as an affirmative defense. We review this unpreserved issue for plain error affecting substantial rights. *Duray Dev*, 288 Mich App at 150. There are two fundamental problems with plaintiff's view. First, although defendants did rely on the economic loss doctrine as *one* of their reasons that summary disposition should be granted, the circuit court did not rely on that doctrine when it granted defendants' motion, see Note 4, *infra*. Moreover, plaintiff cites no law to support her assertion that the economic loss doctrine is an affirmative defense that a defendant must state in a responsive pleading. The economic loss doctrine is not listed in MCR 2.111(F)(3)(a), and we have not identified any caselaw that supports plaintiff's position. Accordingly, the circuit court did not clearly or obviously err by failing to conclude that the economic loss doctrine was an affirmative defense that defendants were required to state in their first responsive pleading.

## III. SUMMARY DISPOSITION

Plaintiff argues that the circuit court should not have granted defendants' motion for summary disposition.[4] We hold that the circuit court did not err by granting summary disposition on plaintiff's contract-based claims because plaintiff, an incidental third-party beneficiary to the contract, lacked standing to sue. However, the circuit court did not apply the proper legal analysis with respect to plaintiff's tort claims, and we reverse the grant of summary disposition with respect to these claims.

This Court reviews de novo issues of standing. *Huntington Woods v Detroit*, 279 Mich App 603, 614; 761 NW2d 127 (2008). This Court reviews de novo the trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). When a party moves for summary disposition under MCR 2.116(C)(8) and (10) and the trial court considers documents outside the pleadings when deciding the motion, this Court reviews the trial court's decision under MCR 2.116(C)(10). *Hughes v Region VII Area Agency on Aging*, 277 Mich App 268, 273; 744 NW2d 10 (2007). A party is entitled to summary disposition under MCR 2.116(C)(10) if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Hazle v Ford Motor Co*, 464 Mich 456, 461; 628 NW2d 515 (2001). A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 116; 839 NW2d 223 (2013).

---

[3] The economic loss doctrine provides that "[w]here a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only 'economic' losses." *Neibarger v Universal Coops, Inc*, 439 Mich 512, 520; 486 NW2d 612 (1992) (citation and some quotation marks omitted).

[4] Plaintiff claims that the circuit court improperly relied upon the economic loss doctrine when it granted summary disposition to defendants on plaintiff's tort claims. But the circuit court did not grant summary disposition on this ground. While defendants did cite the economic loss doctrine as one of its reasons summary disposition was appropriate, the circuit court did not cite that doctrine. Instead, it stated, "[Y]ou can't bring a tort claim for a breach of contract case."

## A. BREACH OF CONTRACT CLAIM

"A litigant has standing whenever there is a legal cause of action." *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 372; 792 NW2d 686 (2010). A party asserting a breach of contract must establish that there was a contract resulting in damages to the party claiming breach. *Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustees v City of Pontiac No 2*, 309 Mich App 611, 623; 873 NW2d 783 (2015). A party outside of a contract is not a party in interest to the contract and is thus not the proper party to assert a breach of the contract. *Id.*

In this case, it is not contested that plaintiff was not a party to the land contract. Indeed, plaintiff's complaint admits that "she is not a party in the land contract." Instead, the land contract was between Hall and the seller, Wayne Rose. The documentary evidence indicated that Rose's interest in the contract was later assigned to defendant CitiMortgage. While plaintiff demonstrated that Hall gave her a quitclaim deed regarding Hall's interests *in the property*, plaintiff provided no evidence that Hall's interest *in the contract* was ever assigned to plaintiff.

Additionally, while plaintiff claims that Hall intended to benefit her by the contract, a mere intent to benefit someone else with a contract, not expressed in its terms, is not sufficient to grant that person standing. With respect to beneficiaries of a contract, "only intended, not incidental, third-party beneficiaries may sue for breach of a contractual promise in their favor." *Schmalfeldt v North* P *Ins Co*, 469 Mich 422, 427; 670 NW2d 651 (2003). And a person is an intended third-party beneficiary only if the contract itself establishes an intent to directly benefit the third party. *Id*. at 428.

In this case, although Hall testified that she signed the land contract with the belief that plaintiff would be making payments, the contract itself contains no statement that it was for the benefit of plaintiff. Accordingly, plaintiff did not have standing to sue as a third-party beneficiary to the contract because she was not an intended third-party beneficiary. For these reasons, we conclude that the circuit court did not err when it granted summary disposition on the basis that plaintiff lacked standing to pursue contractual claims.

## B. TORT CLAIMS[5]

In her complaint, plaintiff brought four tort claims: fraud, negligence, negligent misrepresentation, and negligent infliction of emotional distress. The circuit court granted summary disposition on these counts, ruling that plaintiff could not "bring a tort claim for a breach of contract case." While "[a] plaintiff cannot maintain an action in tort for nonperformance of a contract," *Casey v Auto Owners Ins Co*, 273 Mich App 388, 401; 729 NW2d 277 (2006), the same cannot be said when it is alleged that there is misfeasance on the defendant's part, *Hart v Ludwig*, 347 Mich 559, 564; 79 NW2d 895 (1956). Courts are to

---

[5] In her brief on appeal, plaintiff does not put forth any argument related to the dismissal of her Fair Credit Reporting Act claim. Accordingly, any appeal with respect to this particular claim is abandoned. See *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999).

"analyze tort actions based on a contract and brought by a plaintiff who is not a party to that contract by using a 'separate and distinct' mode of analysis. Specifically, the threshold question is whether the defendant owed a duty to the plaintiff that is separate and distinct from the defendant's contractual obligations. If no independent duty exists, no tort action based on a contract will lie." *Fultz v Union-Commerce Associates*, 470 Mich 460, 467; 683 NW2d 587 (2004). However, because the circuit court did not address the tort claims under these principles, we decline to address them for the first time and instead remand to allow the court to make its determinations under this proper framework.

## IV. PLAINTIFF'S REMAINING ISSUES

Plaintiff contends that the circuit court erred by failing to rule on her discovery motion before granting summary disposition. We note that the circuit court never issued an order granting or denying plaintiff's discovery motion. When the trial court fails to make a specific ruling on an issue, this Court may remand to the trial court to determine the merits of the issue. *Wells Fargo Bank NA v Null*, 304 Mich App 508, 540; 847 NW2d 657 (2014). While we note that summary disposition would not have been premature were it properly granted,[6] on remand, we ask the trial court to address the merits of plaintiff's discovery motion.

Plaintiff also contends that the circuit court erred by not holding an evidentiary hearing on the propriety of defendants' chain of title. But, for the reasons previously discussed, plaintiff lacks standing to challenge defendants' status under the land contract.

Affirmed in part, reversed in part, and remanded for further proceedings. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Amy Ronayne Krause
/s/ Jonathan Tukel

---

[6] Summary disposition under MCR 2.116(C)(10) is premature before the completion of discovery if further discovery "stands a fair chance of uncovering factual support for the opposing party's position." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009). Plaintiff did not identify any disputed issue on which further discovery would uncover factual support, much less provide an affidavit to support the existence of the disputed issue with independent evidence.