# STATE OF MICHIGAN

# COURT OF APPEALS

SARAH JOHNSON,

      Plaintiff,

and

HENRY FORD HEALTH SYSTEM,

      Intervening Plaintiff,

v

FARM BUREAU MUTUAL INSURANCE
COMPANY,

      Defendant/Third-Party Plaintiff-
      Appellee,

and

FARMERS INSURANCE EXCHANGE,

      Third-Party Defendant-Appellant.

UNPUBLISHED
November 15, 2018

No.  337199
Wayne Circuit Court
LC No.  15-003778-NF

Before:  MURRAY, C.J., and METER and GLEICHER, JJ.

PER CURIAM.

Third-party defendant, Farmers Insurance Exchange (Farmers), appeals by right the trial court's order granting defendant/third-party plaintiff Farm Bureau Mutual Insurance Company's (Farm Bureau) motion for summary disposition under MCR 2.116(C)(10).  Farmers also challenges the trial court's order denying its motion for reconsideration.  We affirm.

The parties do not dispute that (1) plaintiff was a pedestrian who sustained bodily injury when she was struck by a motor vehicle on April 17, 2014; (2) the striking vehicle was owned by, registered to, and operated by Demita Hill at the time of the accident; (3) the striking vehicle was listed on a policy of insurance issued by Farmers to Progress Transitional that identified Progress Transitional as the only named insured; and (4) plaintiff did not have automobile insurance available to her under her own policy, as a spouse, or as a resident relative.  The

-1-

Farmers policy issued to Progress Transitional, an adult foster home that employed Hill, was a commercial automobile policy that listed Hill's vehicle as a covered vehicle.

After the accident, Farm Bureau was assigned through the Michigan Assigned Claims Plan as the insurer responsible for paying plaintiff's personal protection insurance (PIP) benefits. Farm Bureau then filed a third-party complaint against Farmers alleging that Farmers was higher in priority to pay plaintiff's PIP benefits.

Farm Bureau moved for summary disposition under MCR 2.116(C)(10) on the issue of priority. The trial court concluded that Farmers's policy provided broader coverage than that mandated by the no-fault act, MCL 500.3101 *et seq.*, and that responsibility for paying plaintiff's PIP benefits therefore rested with Farmers as a matter of law.

A trial court's decision regarding a motion for summary disposition is reviewed de novo. *Old Kent Bank v Kal Kustom Enterprises*, 255 Mich App 524, 528; 660 NW2d 384 (2003). Interpretation of a contract is also reviewed de novo. *Schmalfeldt v North Pointe Ins Co*, 469 Mich 422, 426; 670 NW2d 651 (2003). A trial court's decision regarding a motion for reconsideration is reviewed for abuse of discretion. *Sherry v East Suburban Football League*, 292 Mich App 23, 31; 807 NW2d 859 (2011). An abuse of discretion occurs when the trial court chooses an outcome that falls outside the range of principled outcomes. *Id*.

A motion for summary disposition pursuant to MCR 2.116(C)(10) tests whether there is factual support for a claim, and it is appropriately granted when there is no genuine issue concerning any material fact. *Universal Underwriters Group v Allstate Ins Co*, 246 Mich App 713, 720; 635 NW2d 52 (2001). When deciding a motion for summary disposition pursuant to MCR 2.116(C)(10), we must consider all pleadings, affidavits, depositions, and other documentary evidence in the light most favorable to the nonmoving party. *Cowles v Bank West*, 476 Mich 1, 32; 719 NW2d 94 (2006).

An insurance policy is a contract, the interpretation of which requires adherence to Michigan's well-established principals of contract construction. *Citizens Ins Co v Pro-Seal Serv Group, Inc*, 477 Mich 75, 82; 730 NW2d 682 (2007). The insurance policy must be enforced in accordance with its terms. *Id*. A person who is not a party to a contract, i.e., a third party, may sue to enforce that contract if the third party was an intended beneficiary of the contract. See MCL 600.1405; *Brunsell v City of Zeeland*, 467 Mich 293, 296; 651 NW2d 388 (2002).

The statute governing third-party enforcement of a contract, MCL 600.1405, states, in pertinent part:

> Any person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee.

> (1) A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise had undertaken to give or to do or refrain from doing something directly to or for said person.

(2)(a) The rights of a person for whose benefit a promise has been made, as defined in (1), shall be deemed to have become vested, subject always to such express or implied conditions, limitations, or infirmities of the contract to which the rights of the promisee or the promise are subject, without any act or knowledge on his part, the moment the promise becomes legally binding on the promisor, unless there is some stipulation, agreement or understanding in the contract to the contrary.

(b) If such person is not in being or ascertainable at the time the promise becomes legally binding on the promisor then his rights shall become vested the moment he comes into being or becomes ascertainable if the promise has not been discharged by agreement between the promisor and the promisee in the meantime.

In *Brunsell*, the Supreme Court described the meaning of MCL 600.1405, stating:

In describing the conditions under which a contractual promise is to be construed as for the benefit of a third party to the contract in § 1405, the Legislature utilized the modifier "directly." Simply stated, section 1405 does not empower just any person who benefits from a contract to enforce it. Rather, it states that a person is a third-party beneficiary of a contract only when the promisor undertakes an obligation "directly" to or for the person. [*Brunsell*, 467 Mich at 296-297 (quotation marks and citation omitted).]

"[A] third-party beneficiary may be a member of a class, but the class must be sufficiently described." *Id*. at 297 (quotation marks and citation omitted; alteration in original). Moreover, "the class must be something less than the entire universe, e.g., 'the public'; otherwise, subsection 1405(2)(b) would rob subsection 1405(1) of any narrowing effect." *Id*. (quotation marks and citation omitted). "[A] court should look no further than the 'form and meaning' of the contract itself to determine whether a party is an intended third-party beneficiary within the meaning of [MCL 600.]1405." *Schmalfeldt*, 469 Mich at 428.

The Farmers insurance policy issued to Progress Transitional stated: "We will pay personal injury protection benefits to or for an 'insured' who sustains 'bodily injury' caused by an 'accident' and resulting from the ownership, maintenance or use of an 'auto' as an 'auto.' " The Farmers policy defined an insured as "[a]nyone else who sustains 'bodily injury' . . . [w]hile not 'occupying' any 'auto' as a result of an 'accident' involving a covered 'auto.' "

In looking "no further than the 'form and meaning' of the contract itself," *Schmalfeldt*, 469 Mich at 428, we conclude that Farmers and Progress Transitional contracted to provide a benefit directly to or for a sufficiently described and identifiable class of people to which plaintiff belonged, see *Brunsell*, 467 Mich at 296-297, because the policy stated that it would provide medical benefits to "[a]nyone else who sustains 'bodily injury' . . . [w]hile not 'occupying' any 'auto' as a result of an 'accident' involving a covered 'auto.' " Unlike in *Schmalfeldt*, where the class of people consisted generally of "members of the public at large," *Schmalfeldt*, 469 Mich at 429, the Farmers policy more narrowly defined the class of people who could be third-party beneficiaries. In addition to a person falling within the term "anyone," the

-3-

person also had to not be occupying any motor vehicle and sustain a bodily injury from a motor vehicle accident, and the accident had to involve a covered motor vehicle. These additional restrictions narrowly defined and sufficiently described the group of people to whom the Farmers policy would provide PIP benefits. Thus, the Farmers policy provided benefits that were broader in scope than those mandated by the no-fault act by providing PIP benefits for a class of third-party beneficiaries, such as plaintiff. Therefore, responsibility for paying plaintiff's PIP benefits rested with Farmers as a matter of law. Accordingly, we hold that the trial court did not err in granting Farm Bureau's motion for summary disposition.

Farmers also challenges the trial court's denial of its motion for reconsideration. However, in its brief on appeal, Farmers only provides a standard of review and a brief overview of the law regarding a motion for reconsideration. Farmers does not provide any argument as to how the trial court abused its discretion in denying its motion for reconsideration. Michigan law is clear that "[i]t is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) (quotation marks and citation omitted). Therefore, we decline to address this issue.

Affirmed.


/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher