*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MIRACLE HANDS HOMECARE, INC.,

      Plaintiff-Appellant,

v

GEICO GENERAL INSURANCE COMPANY,

      Defendant-Appellee.

UNPUBLISHED
September 18, 2025
10:13 AM

No. 368827
Wayne Circuit Court
LC No. 21-011747-NF

JORGE L. FUENTES,

      Plaintiff/Counterdefendant-Appellant,

and

US REHABILITATION & HEALTH SERVICES,

      Intervening Plaintiff,

v

GEICO INSURANCE COMPANY,

      Defendant/Counterplaintiff-Appellee,

and

MEMBERSELECT INSURANCE COMPANY,
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, SARAH TRIPP, WMK,
LLC, doing business as MOBILITY WORKS, THE
BRAUN CORPORATION, doing business as
BRAUNABILITY, HANSEN COLLISION,
GERBER COLLISION & GLASS, and FCA US,
LLC,

No. 369858
Wayne Circuit Court
LC No. 21-010228-NZ

-1-

Defendants.

Before: CAMERON, P.J., and MURRAY and KOROBKIN, JJ.

PER CURIAM.

In these consolidated appeals, plaintiffs, Miracle Hands Homecare, Inc. (Miracle Hands), and Jorge L. Fuentes, appeal by leave granted[1] the trial court's orders denying their respective motions for partial summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In September 2019, Fuentes was seriously injured after his motorcycle collided with a motor vehicle. The vehicle was insured under a policy issued by Geico.[2] Fuentes was not a party to the policy, and the policy made no mention that its coverage applied to motorcycles or motorcyclists. Fuentes received in-home care from Miracle Hands between August 2020 and February 2022 to treat his injuries. Because the accident involved a motorcyclist injured in a collision with a motor vehicle, the parties agreed that Fuentes should claim personal protection insurance (PIP) benefits from Geico, the insurer of highest priority under MCL 500.3114(5). Fuentes brought a claim against Geico[3] for unpaid PIP benefits. After disagreements arose over whether the fee schedules of MCL 500.3157 applied to cap the amount reimbursable for services rendered to Fuentes, Miracle Hands subsequently brought its own complaint against Geico seeking to collect payment.[4]

Thereafter, Geico moved for partial summary disposition against Miracle Hands, arguing that, because the accident occurred after MCL 500.3157 was amended, the newly enacted fee schedules in MCL 500.3157 limited Miracle Hands' recovery for treatment rendered after July 1, 2021. By contrast, Miracle Hands, relying on *Andary v USAA Cas Ins Co* (*Andary I*), 343 Mich App 1; 996 NW2d 784 (2022), rev'd in part on other grounds 512 Mich 207 (2023), claimed that the fee schedules did not apply. The trial court granted partial summary disposition to Geico,

---

[1] *Miracle Hands Homecare, Inc v Geico Gen Ins Co*, unpublished order of the Court of Appeals, entered April 29, 2024 (Docket No. 368827); *Fuentes v Geico Gen Ins Co*, unpublished order of the Court of Appeals, entered April 29, 2024 (Docket No. 369858).

[2] Miracle Hands brought its action against Geico General Insurance Company, while Fuentes brought his action against Geico Insurance Company. These defendants were represented by the same attorneys at trial and on appeal. The parties offer no distinction between these entities. Accordingly, we will collectively refer to these entities simply as "Geico."

[3] The trial court consolidated Fuentes's case against Geico with another case Fuentes initiated. All parties in those consolidated cases, other than Fuentes and Geico, have been dismissed.

[4] Miracle Hands also brought a claim against Geico for breach of contract and statutory duties.

finding that, because Fuentes's accident occurred after the effective date of the 2019 no-fault act amendments, 2019 PA 21 and 2019 PA 22, Miracle Hands' claims for treatment rendered after July 1, 2021 were governed by the fee schedules of MCL 500.3157.

While the case was ongoing, our Supreme Court decided *Andary v USAA Cas Ins Co* (*Andary II*), 512 Mich 207; 1 NW3d 186 (2023). Plaintiffs argued that, because the policy at issue here was issued before the enactment of the 2019 amendments, *Andary II*'s ruling against retroactive application of MCL 500.3157 applied to prevent the limitation of Fuentes's PIP benefits. They also claimed that 1) the Legislature did not intend for MCL 500.3157 to apply to collisions occurring before July 2, 2020; 2) Fuentes was a third-party beneficiary of the policy; 3) Fuentes's claim was contractual as well as statutory; 4) the policy violated the no-fault act for not explicitly providing PIP coverage to injured motorcyclists; and 5) the policy was ambiguous and must be construed to include Fuentes within the definition of eligible injured persons. The trial court rejected these arguments, and these appeals followed.

## II. STANDARDS OF REVIEW

We review a trial court's decision on a motion for summary disposition de novo. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(10) "tests the factual sufficiency of a claim." *El-Khalil*, 504 Mich at 160 (emphasis omitted). "When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *El-Khalil*, 504 Mich at 160. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

We also review issues of statutory interpretation de novo. *Titan Ins Co v American Country Ins Co*, 312 Mich App 291, 296; 876 NW2d 853 (2015). "The primary goal of statutory interpretation is to give effect to the intent of the Legislature." *Le Gassick v Univ of Mich Regents*, 330 Mich App 487, 495; 948 NW2d 452 (2019) (quotation marks and citation omitted). "The most reliable evidence of legislative intent is the plain language of the statute." *Id*. Clear and unambiguous statutory language must be applied as written. *Measel v Auto Club Group Ins Co*, 314 Mich App 320, 326; 886 NW2d 193 (2016). Moreover, we must interpret "statutory provisions in harmony with the entire statutory scheme." *Nyman v Thomson Reuters Holdings, Inc*, 329 Mich App 539, 544; 942 NW2d 696 (2019).

## III. ANALYSIS

On appeal, plaintiffs contend that 1) MCL 500.3157 cannot retroactively apply to their claims for PIP benefits; 2) MCL 500.3157 was not intended to apply to motor vehicle accidents occurring before July 2, 2020; and 3) Fuentes was a third-party beneficiary of the applicable policy. We disagree.

A.  RETROACTIVE APPLICATION OF MCL 500.3157

Plaintiffs first argue that MCL 500.3157 cannot be retroactively applied to plaintiffs' claims for PIP benefits because the policy was in effect before the statute was amended. We disagree.

"The no-fault act is Michigan's statutory framework for insurance coverage, compensation, and dispute resolution related to motor vehicle accidents." *True Care Physical Therapy, PLLC v Auto Club Group Ins Co*, 347 Mich App 168, 177; 14 NW3d 456 (2023). In 2019, the Legislature amended the no-fault act in an attempt to control the cost of automobile insurance. *Andary II*, 512 Mich at 214. These amendments took effect on June 11, 2019. See 2019 PA 21 and 2019 PA 22. As part of these reforms, the Legislature amended MCL 500.3157 to include fee schedules, which cap the amount reimbursable to those who render treatment to an injured person for an accidental bodily injury under the no-fault act. See MCL 500.3157(1) and (2).

In *Andary I* and *Andary II*, this Court and our Supreme Court addressed the retroactive applicability of the new fee schedules in MCL 500.3157 to injuries that took place before June 11, 2019. The *Andary* plaintiffs were injured in automobile accident and sought PIP benefits from the defendant insurers. *Andary I*, 343 Mich App at 8. They claimed that, because they were injured before June 11, 2019, and had "vested contractual rights under the policy in effect when they were injured," they were not subject to MCL 500.3157. *Andary I*, 343 Mich App at 9. Because nothing in the language of MCL 500.3157 indicated that the statute would apply "to individuals who were injured before its effective date, even as to services provided after its effective date," this Court concluded that "the amendments at issue in this case may not be applied retroactively to the injured plaintiffs." *Andary I*, 343 Mich App at 23-24 (citation omitted). Furthermore, this Court reasoned that, even if MCL 500.3157 was intended to apply retroactively, such application would "violate[] the Contracts Clause of the Michigan Constitution." *Andary I*, 343 Mich App at 28.

In *Andary II*, our Supreme Court affirmed *Andary I*'s holding that the 2019 amendments did not apply retroactively to the plaintiffs' claims for PIP benefits. *Andary II*, 512 Mich at 215. Relevant to this appeal, our Supreme Court found that the plaintiffs' right to receive PIP benefits were both contractual and statutory in nature. *Andary II*, 512 Mich at 242-243. Because the plaintiffs had both a statutory *and* contractual right to PIP benefits, and "[t]he Legislature did not clearly state that it intended the new fee schedule . . . to apply retroactively to individuals with a vested contractual right to PIP benefits under the pre-amendment no-fault statutes," applying MCL 500.3157 to the *Andary* plaintiffs "would constitute a retroactive reduction of their vested contractual rights to receive uncapped PIP benefits pursuant to the insurance policies and incorporated statutes that existed when they were injured." *Andary* II, 512 Mich at 256-267. Accordingly, the fee schedules did "not apply to any insured who was injured while covered by an insurance policy issued before June 11, 2019." *Id.* at 257.

Notably, the *Andary II* Court limited its holding "to those individuals . . . who are entitled to PIP benefits because they were directly covered by a no-fault insurance policy at the time of their accident either as the named insured or as a covered individual under the policy." *Id.* at 257 n 30. The Court specifically declined to decide "whether individuals who have a purely statutory claim to no-fault PIP benefits, such as under MCL 500.3114(4) or MCL 500.3115, are entitled to the same protections." *Andary II*, 512 Mich at 257 n 30. Thus, *Andary II*'s ban on the retroactive

-4-

application of the fee schedules in MCL 500.3157 depends on whether a plaintiff has both a statutory *and* contractual right to claim PIP benefits.

Plaintiffs contend that the lack of specific reference to MCL 500.3114(5)—the subsection at issue in this case—in *Andary II* implies its exclusion from the rule under the principle of *expressio unius est exclusio alterius*, "meaning the expression of one thing is the exclusion of another." *Mr. Sunshine v Delta College Bd of Trustees*, 343 Mich App 597, 607; 997 NW2d 755 (2022) (quotation marks and citation omitted). But this principle applies to the interpretation of *statutes*, not judicial opinions. See *id*. (referring to the principle as one "of statutory interpretation[.]"). Moreover, it applies only when the presentation of the list "justif[ies] the inference that items not mentioned were excluded by deliberate choice, not inadvertence." *Id*. (quotation marks and citations omitted). The *Andary II* Court's use of the phrase "such as" indicates that the Court was providing *examples* of sources of purely statutory claims, not an exhaustive list. See *McGraw-Hill Dictionary of American Idioms and Phrasal Verbs* (2002) (defining "such as" to mean "for example"). Because this word choice does not imply a deliberate choice to exclude MCL 500.3114(5), *Mr. Sunshine*, 343 Mich App at 607, it provides no support for plaintiffs' argument that the *Andary II* Court found that a claim under MCL 500.3114(5) is necessarily contractual as well as statutory.

## B. ACCIDENTS PRIOR TO JULY 2, 2020

Plaintiffs also claim that MCL 500.3157 is inapplicable because the underlying accident occurred before July 2, 2020. We disagree.

Previously, individuals injured in motor vehicle accidents were entitled to receive unlimited PIP benefits. *Douglas v Allstate Ins Co*, 492 Mich 241, 257; 821 NW2d 472 (2012). The 2019 amendments, however, added MCL 500.3107c and MCL 500.3107d, which allowed applicants or name insureds to limit or decline PIP coverage for policies issued or renewed *after* July 1, 2020. The amendments also added MCL 500.2111f(1), which requires insurers to file premium rates for PIP benefits before July 1, 2020 for insurance policies effective after July 1, 2020.

Plaintiff relies on these statutes to argue that MCL 500.3157 does not apply to accidents that occurred before July 2, 2020. However, unlike MCL 500.3107c and MCL 500.3107d, the text of MCL 500.3157 does not distinguish the fee schedule's applicability from the policy's effective date. It merely details the amount of payment owed to medical providers for treatment or rehabilitative training rendered after July 1, 2021. MCL 500.3157(14). Thus, MCL 500.3157 was in effect as of June 11, 2019. The fact that MCL 500.3107c and MCL 500.3107d happen to differentiate between policies renewed, issued, or otherwise effective after July 1, 2020, does not mean that *all* amendments in effect under 2019 PA 21 observe this differentiation. Indeed, the canon *expressio unius est exclusio alterius* suggests that these specific references to July 1, 2020 indicate that this date was not intended to apply to other sections of the no-fault act, such as MCL 500.3157, where it was not included. See *Mr. Sunshine*, 343 Mich App at 607.

Additionally, the July 1, 2020 deadline used in MCL 500.3107c, MCL 500.3107d, and MCL 500.2111f applies to voluntary changes in *liability limits and premiums* made by an insured, not to the mandatory reimbursement limitations imposed on medical providers, which is the

subject of MCL 500.3157. To hold that the fee schedules of MCL 500.3157 do not apply to accidents occurring before July 2, 2020, when the plain language of the statute does not make any such limitation, would run counter to our canons of statutory interpretation. See, e.g., *Mr. Sunshine*, 343 Mich App at 607 (*expressio unius est exclusio alterius*); *Nyman*, 329 Mich App at 544 (statutory provisions must be interpreted in harmony with the entire scheme); and *Measel*, 314 Mich App at 326 (clear and unambiguous language is applied as written). Accordingly, the trial court did not err by finding that plaintiffs' claims for treatment after July 1, 2021 were governed by the fee schedules of MCL 500.3157.

## C. THIRD-PARTY BENEFICIARY

Finally, plaintiffs contend that Fuentes had both a statutory and contractual right to PIP benefits because he was a third-party beneficiary of the applicable insurance policy. We disagree.

In the context of an insurance policy, specific persons or classes of persons objectively designated by provisions of the contract to receive benefits under the policy—that is, "intended, not incidental, third-party beneficiaries"—may sue for breach of contract. *Schmalfeldt v North Pointe Ins Co*, 469 Mich 422, 427-428; 670 NW2d 651 (2003); see also MCL 600.1405. But to create such a third-party beneficiary, the policy "must expressly contain a promise to act to benefit the third party." *Farm Bureau Ins Co v TNT Equip, Inc*, 328 Mich App 667, 675; 939 NW2d 738 (2019) (quotation marks and citation omitted). Additionally, a third-party beneficiary may be a member of a class, so long as the class is sufficiently described in the policy. *Vanerian v Charles L. Pugh Co, Inc*, 279 Mich App 431, 437 n 2; 761 NW2d 108 (2008). If "a provision in an insurance policy is mandated by statute, the policy and the statute must be construed together as though the statute were part of the policy[.]" *Bazzi v Sentinel Ins Co*, 502 Mich 390, 399; 919 NW2d 20 (2018).

Under the no-fault act, "the statutory definition of motor vehicle expressly does not include a motorcycle." *Harris v Auto Club Ins Ass'n*, 494 Mich 462, 465; 835 NW2d 356 (2013) (quotation marks and citation omitted); see also MCL 500.3101(3)(i)(*i*). MCL 500.3114, however, provides, in relevant part:

> (1) Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in [MCL 500.]3101(1) *applies* to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. . . .

> \* \* \*

> (5) A person suffering accidental bodily injury arising from a motor vehicle accident which shows evidence of the involvement of a motor vehicle while an operator or passenger of a motorcycle *shall claim* personal protection insurance benefits from insurers in the following order of priority:

> (a) The insurer of the owner or registrant of the motor vehicle involved in the accident. [MCL 500.3114(1) and (5)(a) (emphasis added).]

Put differently, under MCL 500.3114(1), insurance policies apply to or cover accidental bodily injuries sustained in a motor vehicle accident by a person named in the policy, the person's spouse, or a resident relative. MCL 500.3114(5), on the other hand, does not mention an insurance policy; it simply directs motorcyclists who are injured in a motor vehicle accident to make a claim for PIP benefits with the highest-priority insurer. Thus, MCL 500.3114(5) does not give motorcyclists a *contractual* right to recover PIP benefits from an insurance policy; it only provides a *statutory* right to make a claim for PIP benefits from specific insurers.

Our Supreme Court's holding in *Harris*, supports this interpretation. In *Harris*, 494 Mich at 465-466, the Court addressed the nature of a PIP claim of a motorcyclist injured in a motor vehicle accident who was seeking PIP benefits from the owner of the motor vehicle. In finding that the terms of the applicable insurance policy were irrelevant to the plaintiff's claim, the Court opined:

> Harris is not claiming benefits under a no-fault insurance policy that he or anyone else procured. Harris is *neither a third-party beneficiary nor a subrogee* of the no-fault policy issued to the person that struck him and *thus is not eligible to receive benefits under that policy*. Rather, Harris's right to PIP benefits arises *solely by statute*. [*Id*. at 471-472 (citations omitted; emphasis added).]

Additionally, in *Shelton v Auto-Owners Ins Co*, 318 Mich App 648; 899 NW2d 744 (2017), this Court addressed a similar claim under the then-applicable version of MCL 500.3114(4)(a).[5] This Court explained:

> Under Subsection 1 of the no-fault priority statute, "a personal protection insurance policy . . . *applies* to . . . the person named in the policy, the person's spouse, and a relative of either domiciled in the same household . . . ." MCL 500.3114(1). Shelton is not an individual named in [the] defendant's policy, a spouse of the person named in the policy, or a relative of either the person named in [the] defendant's policy or his spouse. Therefore, pursuant to the statute, [the] defendant's policy does not "apply" to Shelton. Rather, Shelton received no-fault benefits pursuant to Subsection 4 . . . .
>
> Subsection (4) does not state that the owner's or operator's insurance policy "applies" to the passenger's claim for benefits, and its text, unlike that of Subsection (1), omits any mention of a personal protection insurance *policy*, instead providing that the injured person is to "claim personal protection insurance benefits from insurers[.]" MCL 500.3114(4)(a). [*Shelton*, 318 Mich App at 654-655 (emphasis in original).]

Here, the policy does not contain any express "promise to act to benefit" Fuentes or even motorcyclists as a class. See *Farm Bureau Ins Co*, 328 Mich App at 675; *Vanerian*, 279 Mich App at 437 n 2. Thus, Fuentes is not an intended third-party beneficiary to the policy, and his right

---

[5] The statute mirrored language from MCL 500.3114(5). See *Shelton*, 318 Mich App at 653.

to obtain PIP benefits arose solely from MCL 500.3114(5).[6]  Because plaintiffs' right to PIP benefits are purely statutory, *Andary II*'s holding against retroactive application of MCL 500.3157 does not apply, and the trial court properly found that plaintiffs' claims were governed by the fee schedules.[7]

Affirmed.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Daniel S. Korobkin

---

[6] Plaintiffs contend that MCL 500.3114(6) indicates that rights to PIP benefits under MCL 500.3114(5) are contractual as well as statutory.  But this subsection does not alter the holdings of *Harris* and *Shelton*.  A claim under MCL 500.3114(5) arises "solely by statute," see *Harris*, 494 Mich at 472, regardless of how the 2019 amendments adjusted the priority of insurers.  Thus, plaintiffs' right to PIP benefits are purely statutory.

[7] Because Fuentes's PIP claim is purely statutory, we need not address plaintiffs' arguments that the policy violates the minimum coverage requirements of the no-fault act or that the policy's definition of an "eligible injured person" is ambiguous and must be construed in their favor.